**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Kelly L. Stephens
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  April 04, 2025

Mr. Taurus Martin Bailey
Bailey & Bailey
44 N. Second Street
Suite 502
Memphis, TN 38103

Mr. Adam Chase Davis
Office of the U.S. Attorney
109 S. Highland Avenue
Suite 300
Jackson, TN 38301

Re:  Case No. 24-5722, *USA v. Darryl McNeal*
Originating Case No. : 1:22-cr-10081-1

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc:  Ms. Wendy R. Oliver

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0186n.06

Case No. 24-5722

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | FILED<br>Apr 04, 2025<br>KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| DARRYL ANTHONY MCNEAL, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

BEFORE: THAPAR, BUSH, and LARSEN, Circuit Judges.

THAPAR, Circuit Judge. Darryl McNeal appeals his conviction for possession with intent to distribute methamphetamine. He argues that there wasn't enough evidence for a jury to find him guilty. Because there was, we affirm.

I.

This case began when Tennessee investigated Darryl McNeal for suspected distribution of methamphetamine. As part of this investigation, agents asked a confidential source to buy methamphetamine from McNeal two times: on March 10 and March 13, 2020. Both times, McNeal sold the drugs to the source.

A grand jury indicted McNeal with two counts of knowingly and intentionally distributing and possessing with the intent to distribute more than 50 grams of methamphetamine. *See* 21 U.S.C. § 841(a)(1). During a three-day trial, the jury heard from three officers who participated

No. 24-5722, *United Sates v. McNeal*

in the undercover buys, the confidential source who bought the drugs, and two chemistry experts. The jury found McNeal guilty.  The district court then sentenced him to 300 months in prison, with five years of supervised release.  McNeal appealed, arguing that there wasn't enough evidence for a jury to have convicted him.

## II.

### A.

To assess McNeal's challenge, we view the evidence in the light most favorable to the government and ask whether any rational trier of fact could have convicted him.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Our review is constrained:  we don't weigh evidence, make credibility determinations, or substitute our judgment for the jury's verdict.  *United States v. Crossley*, 224 F.3d 847, 855–56 (6th Cir. 2000).

### B.

There was sufficient evidence that McNeal knowingly distributed methamphetamine.  The government had to establish that the defendant knowingly distributed a controlled substance. 21 U.S.C. § 841(a)(1); *United States v. Forrest*, 17 F.3d 916, 919 (6th Cir. 1994).  It did just that for both dates in question.

Start with March 10.  The jury heard sufficient evidence that McNeal knowingly distributed methamphetamine on this date.  The jury learned that the government ensured the source didn't have any drugs by searching her before the buy.  The officers also searched the vehicle the source would ride in to make the controlled buy.  There was nothing in that car.  Further, an officer drove the informant to the purchase site and watched her during the purchase.  A video showed the source speaking to McNeal via phone while she was riding to the location.  The source left the police-driven vehicle to make the buy.  And she then made a controlled purchase from a man she

- 2 -

No. 24-5722, *United Sates v. McNeal*

identified as McNeal.  Then she returned to the officers' car, which drove away.  After getting to

a safe location, the officers searched the source and recovered the purchased substance, which later

tests revealed to be methamphetamine.

At trial, officers and the source testified to this sequence of events.  And the government

presented video evidence, too.  All told, there was significant evidence that McNeal distributed

methamphetamine on March 10.

Next, consider the significant evidence that the jury heard about the March 13 controlled

buy.  Again, the key testimony came from both government agents and the same confidential

source.  The jury heard that police again searched the confidential source before the buy.  And they

learned that the source called McNeal, who drove his own vehicle to the scene and parked nearby.

Then the jury found out that the source got out of the agent's car and went straight to McNeal's

car.  The source said she bought five ounces of methamphetamine from McNeal.  The police then

picked up the source, took her back to a meeting place, and collected the substance, which tested

positive for methamphetamine.

As with the March 10 purchase, the agents and the confidential source provided extensive

testimony about the March 13 buy.  There was also video evidence of the purchase.  Thus, there

was sufficient evidence that McNeal knowingly distributed methamphetamine on March 13.

C.

McNeal makes several counterarguments, but none are convincing.

1.

First, McNeal attacks the government's use of two videos at trial.  The videos showed the

police interacting with the source, the source speaking with McNeal on the phone and meeting

McNeal in his car.  McNeal says that the videos show "nothing more than [the source] using her

- 3 -

No. 24-5722, *United Sates v. McNeal*

cellphone to record basically her lap, her hand, the roof of the undercover vehicle, and the side of Agent Allen's head." Appellant Br. at 14. McNeal's argument seems to be that the videos don't show that McNeal committed the crime.

But video evidence isn't necessary to prove that McNeal sold the drugs. Circumstantial evidence alone can sustain a conviction. *United States v. Henley*, 360 F.3d 509, 513 (6th Cir. 2004). Indeed, even if the jury didn't have the benefit of the videotape, there would still be significant evidence to support its decision to convict: officer testimony connecting McNeal to the distribution of drugs. What matters is whether a rational trier of fact could have found sufficient evidence to convict. That standard is met here, even without the videos.

2.

McNeal next argues that the controlled buys didn't follow the police procedures that help prevent confidential sources from fabricating the amount of drugs they buy and the amount of money they receive from law enforcement. McNeal contests three things: (1) the searches of the confidential source; (2) the counting of funds used in the transactions; and (3) the officers' supposed inability to see the source physically obtain the drugs because she was inside a car.

Start with the searches. The thrust of this claim is that the jury heard inconsistent testimony about how the officers searched the source. For example, McNeal argues that at one point, an agent testified he had searched the confidential source and the vehicle. Yet the source later said that a different, female officer had searched her on both days.

This dispute doesn't undercut the weight of the evidence. To be sure, it's a discrepancy. But it's the kind of inconsistency that speaks to credibility—something an attorney can exploit on cross-examination, as McNeal's attorney did at trial. Those credibility determinations go to the

- 4 -

No. 24-5722, *United Sates v. McNeal*

quality of the evidence, not its sufficiency.  *See United States v. Ledbetter*, 929 F.3d 338, 352–53 (6th Cir. 2019).  So, this argument fails.

Next, McNeal attacks the way the police handled the funds used for the buys.  McNeal says that there's no video evidence that the agent counted the funds that the source was supposed to use for the purchase.

But there's no requirement that an officer videotape (or even count) funds at all.  Instead, what matters is whether the government presented sufficient evidence that would enable any reasonable finder of fact to convict.  *Jackson*, 443 U.S. at 319.  The testimony here was enough.

Finally, McNeal argues that the officers didn't see the source buy the drugs.  The source stepped into a car to make the purchase on March 10 and, on March 13, the officers had to drive around the block while the source made the purchase.  So, perhaps McNeal didn't sell to the source.

Yet this argument fails for the same reasons as the testimony about searching the source— it goes to witness credibility.  The jury was free to question whether the source bought the drugs inside the car.  But our only job is to determine whether there was enough evidence for a jury to conclude that McNeal sold the source drugs in the car.  There was.

3.

Finally, McNeal argues that the district court erred when it allowed testimony from Agent Sharon Strickland, a chemist who worked for Customs and Border Protection.  Strickland testified that she tested the drugs the source bought and found them to be methamphetamine.  McNeal challenges Strickland's testimony by saying she used flawed methodology.  Thus, he says that Strickland doesn't satisfy the standard for expert testimony that the Supreme Court set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*: that her "reasoning or methodology underlying the testimony" be "scientifically valid."  509 U.S. 579, 592–93 (1993).

- 5 -

No. 24-5722, *United Sates v. McNeal*

The district court didn't err when it admitted Agent Strickland's testimony.   Agent Strickland has a degree in chemistry.  She has been a chemist for eighteen years and has overseen thousands of cases.  She had testified in five cases before this one.  And she worked in an accredited lab.  At trial, she described the way she identified the sample and the tests she performed.  And she concluded that, after running all the tests, the substance was methamphetamine.  That satisfies *Daubert*.

In response, McNeal argues that the district court erred for two reasons, but neither is convincing.  First, he says that Strickland provided "no specificity as to the methodology of the testing of the evidence at issue."  Appellant Br. at 20.  But Strickland did discuss how she tested the substances here.  Second, McNeal says that the court should have prohibited Strickland's testimony because a court in an unrelated case had previously excluded her testimony.  But that exclusion is not fatal:  that case involved a different substance and an alternative, novel type of testing.  That situation has nothing in common with Strickland's testimony here, which dealt with a routine drug test and was similar to testimony that Strickland provided at four other trials.

\*       \*       \*

We affirm.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 24-5722

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

    v.

DARRYL ANTHONY MCNEAL,

      Defendant - Appellant.

> **FILED**
> Apr 04, 2025
> KELLY L. STEPHENS, Clerk

Before:  THAPAR, BUSH, and LARSEN, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Tennessee at Jackson.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

_Kelly L. Stephens_

Kelly L. Stephens, Clerk